E. M. Apperson & Co. v. John B. Fant, Executor.

1. High Court of Errors and Appeals: Writs of Error and Appeal, when to be made returnable. — All writs of error and appeal, when the decree or judgment of the court below is founded upon or grew out of a cause of action made or incurred prior to the first of June, A.D. 1865, must be made returnable to the next succeeding term of the High Court of Errors and Appeals; when the judgment or decree of the court below is founded upon or grew out of a cause of action made or incurred after the first day of June, 1865, they may be made returnable to the day fixed by law, or the rule of the court for the calling of the docket of the district whence the cause comes.

On motion of plaintiffs in error to docket the cause.

*Walter & Scruggs* for motion.

*Stith & Upshaw* contra.

E. M. Apperson & Co. v. John B. Fant, Executor.

No briefs on file.

SHACKELFORD, C.J., delivered the opinion of the court.

The record in the above-styled cause was received by the clerk of this court on the 16th day of December, 1868, and filed to the April Term, 1869.

Plaintiffs in error, being dissatisfied with this action of the clerk, entered the following motion on the 5th day of January, 1869 :

"Plaintiffs in error move the court to have this case docketed for trial at this term.

"This was a suit brought by plaintiffs in error, in Marshall county, against defendant in error, on a debt due before 1st June, 1865.

"The cause was tried after the third Monday of October. There was jury and verdict for defendant below.

"Writ of error was taken to third Monday of December, 1868, and transcript sent to this court before that time.

"The clerk has docketed the case to April Term, 1869.

"WALTER & SCRUGGS,
"*Attorneys for Motion.*"

The only question involved in this motion is, whether the clerk erred in docketing the cause to the April Term, 1869, of this court.

In support of the proposition contended for by counsel, they insist that the first section of the Act of the 30th October, 1866 (Pamphlet Acts, p. 26), has reference only to delay cases, and not to litigated cases ; and that the case at bar is purely a litigated case, and that they are entitled, for that reason, to have a trial of the cause during the present term or session of the court, and therefore the cause is improperly docketed to the April Term, 1869.

If the position of counsel is correct, the clerk should have docketed the cause to the third Monday of December, 1868, that day having been made a return day by the act of the legisla-

ture passed 26th January, 1860 (Pamphlet Acts, p. 179), the writ of error in this case having been sued out after the regular return day of the court, the third Monday of October, 1868.

We are unable to observe anything in the first section of this act which warrants the assumption of counsel, that delay cases are only intended to be embraced in its provisions.

It seems clear to us that the act was intended to apply to all judgments " founded upon causes of action made or originated prior to the 1st of June, 1865," in which there are errors in the proceedings of the courts below, as well as when there are no errors in such proceedings. In one sense of the act it is intended for a stay law, and in the other, it was intended to give the judgment debtors an opportunity to have errors corrected or judgments revised, on such terms as were in the reach of every one — the giving of a bond for the costs only, the writ of error, etc., to operate as a supersedeas.

This act was amended on the 8th day of February, A.D. 1867 (p. 230, Sheet Acts, 1866–7), by which the provisions of § 1 of Act of 30th October, 1866, aforesaid, were made to extend to all judgments rendered before that time and to be thereafter rendered.

The second section of the Act of 30th of October, 1866, in question, provides that the first day of each term of this court shall be the "sole return days of said court" for the cases provided for in the first section of the act.

The first days of each term of the court are the third Mondays of April and October of each year.    Revised Code, p. 561.

Therefore the case at bar having been tried and disposed of below, at the September Term of the Marshall County Circuit Court, A.D. 1868, under the provisions of the Supplemental Act of 8th February, 1867, it has to take the same course as if the judgment had been rendered before the 30th of October, 1866.

The writ of error having been sued out here after the third Monday of October, 1868, it has to be made returnable to the April Term, 1869, of this court, as it is admitted that the cause

of action was made or incurred before the 1st day of June, 1865.

All writs of error, or appeals and citations, sued out or to be sued out after the regular return days of this court, are returnable to the next succeeding day, when the docket of the proper districts will be taken up and called by the court, where the judgments or decrees are founded upon or grew out of any cause of action made or incurred since the 1st June, 1865.

This the clerk of the court will ascertain from the transcripts of each case when necessary.

The record in this case was properly filed by the clerk to the April Term, 1869, of the court.

The motion will therefore be overruled.